UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

MICHAEL F. MERRILL,
d.b.a. DR. MICHAEL F. MERRILL,

    Defendant.

Civil No. 04-1567

OPINION AND
ORDER

_____

Karin J. Immergut
United States Attorney
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

Jeremy N. Hendon
Goud P. Maragani
Trial Attorneys, Tax Division
United States Department of Justice
Ben Franklin Station, P.O. Box 683
Washington, D.C. 20044
    Attorneys for Plaintiff

Kevin O'Connell
Paul Migchelbrink
Hagen O'Connell
121 S.W. Morrison Street, Suite 1500
Portland, Oregon 97204
    Attorneys for Defendant

HAGGERTY, Chief Judge:

The government moves for summary judgment in this action, contending that this court should determine as a matter of law that defendant is liable for income taxes owed for tax years 1977, 1978, 1981, 1986, 1987, 1988, 1990, 1991, and 1992, as well as for employment taxes for tax periods ending September 30, 1989, December 31, 1989, and March 30, 1990. Defendant concedes that he owes employment taxes for the years stated, but opposes summary judgment regarding his income tax liabilities. Defendant argues that his income tax liability should be construed as discharged in bankruptcy. For the following reasons, plaintiff's Motion for Summary Judgment is granted.

BACKGROUND

Defendant is a dentist in Portland. He accrued significant tax liability from 1977 through at least 1992. In January, 1993, defendant filed a "Chapter 7" bankruptcy petition in the Bankruptcy Court for the District of Oregon. On December 8, 1998, defendant pled guilty to bankruptcy fraud regarding this petition. His plea included the statement that he filed a petition he knew to be false because it omitted valuable assets.

The government seeks summary judgment on grounds that defendant's tax liability has been established by official tax records and is itself undisputed, and because this liability should be excepted from defendant's bankruptcy discharge pursuant to 11 U.S.C. § 523(a)(1)(C). That statute provides that debts are not discharged if the debtor willfully attempted in any manner to evade or defeat such tax.

Defendant disagrees, contending that his tax liabilities were properly discharged in bankruptcy. The only grounds for excepting that liability from discharge are that (1) the debtor's taxes are entitled to "priority" (an issue addressed below); or (2) the debtor made a fraudulent return or willfully attempted to evade or defeat the *assessment* of taxes. Defendant argues that the government has failed to prove that defendant attempted to evade his tax assessment.

STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts that show a genuine issue for trial. *Id*. at 324. Assuming that there has been sufficient time for discovery, summary judgment should be entered against a "party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

The court must view the evidence in the light most favorable to the nonmoving party. *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir. 1982). All reasonable doubt as to the existence of a genuine issue of fact should be resolved against the moving party. *Hector v. Wiens*, 533 F.2d 429, 432 (9th Cir. 1976). The inference drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Valadingham v. Bojorquez*, 886 F.2d 1135, 1137 (9th Cir. 1989). Where different ultimate inferences may be drawn, summary judgment is inappropriate. *Sankovich v. Life Ins. Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir. 1981).

The issue of material fact required by Rule 56 need not be resolved conclusively in favor of the party asserting its existence; summary judgment must be denied if there is sufficient evidence

supporting the claimed factual dispute and requiring a jury or judge to resolve the parties' differing versions of the truth at trial. *Id.* At this stage of the litigation, the judge does not weigh conflicting evidence or make credibility determinations. These determinations are the province of the factfinder at trial. *Id.*; *see also Abdul-Jabbar v. Gen. Motors Corp.*, 85 F.3d 407, 410 (9th Cir. 1996) (on a motion for summary judgment, the court is not to weigh the evidence or determine the truth of the matter, but only to determine whether there is a genuine issue for trial).

Deference to the non-moving party does have some limit, however. The non-moving party "must set forth specific facts showing that there is a *genuine* issue for trial. Fed. R. Civ. P. 56(e) (emphasis added). The "mere existence of a scintilla of evidence" in support of the non-moving party's position is insufficient. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 252 (1986). Therefore, where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

ANALYSIS

Pursuant to Chapter 7 of the Bankruptcy Code, a debtor is generally discharged from debts that arose prior to the filing of the debtor's bankruptcy petition. *See* 11 U.S.C. § 727(b). However, Section 523 of the Code provides some exceptions. Pertinent to this action, Section 523(a)(1)(C) provides:

> (a) a discharge under § 727. . . of this title does not discharge an individual debtor from any debt –
>
> (1) for a tax or customs duty –
>
> (C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

11 U.S.C. § 523(a)(1)(C).

The intent of this exception is to limit the Bankruptcy Code's discharge of tax debts to the honest but unfortunate debtor. *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991). The focus of this litigation is determining the proper interpretation of the specific language in 11 U.S.C. § 523(a)(1)(C) that provides that debts are not discharged by bankruptcy if the debtor "willfully attempted in any manner to evade or defeat such tax."

Defendant urges the court to follow the ruling in the decision of *In re Gathwright*, 102 B.R. 211, 212 -213 (Bankr. D. Or. 1989). In the *Gaithwright* decision, the bankruptcy court concluded that the language in § 523(a)(1)(C) makes clear that *tax liabilities* which a debtor has willfully attempted to evade or defeat are nondischargeable, but that the statute's language does *not* also except from bankruptcy discharge any *tax payments* that a debtor willfully attempts to evade or defeat:

> A discharge granted under 11 U.S.C. § 727 does not discharge an individual from a debt for a tax "with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax." 11 U.S.C. § 523(a)(1)(C). The parties agree that the [Internal Revenue Service, hereinafter the IRS] has the burden of proving that the tax returns were fraudulent or that debtor willfully attempted to evade or defeat the tax. The IRS contends that the terms "fraudulent" and "willfully attempted to evade or defeat" the tax should be construed consistently with their usage in certain sections of the Internal Revenue Code (IRC).
>
> * * *
>
> I . . . agree to a limited extent with the IRS's assertion that the phrase "willfully attempted in any manner to evade or defeat such tax" in section 523(a)(1)(C) should be interpreted in the same way as section 7201(a) of the IRC. Under section 7201(a), which provides that it is a felony to "willfully attempt[ ] in any manner to evade or defeat any tax imposed by [Title 26] or the payment thereof," the IRS must prove a willful and positive attempt to evade or defeat tax. Although section 523(a)(1)(C) makes nondischargeable tax liabilities which the debtor has willfully attempted to evade or defeat, it does not include willful attempts to evade or defeat "payment" as a basis for nondischargeability. To the extent that the language of the statutes is identical and in the absence of any indication that Congress intended different meanings for the phrases in the different codes, I will interpret them the same. However, because

the Bankruptcy Code exception to discharge lacks the language "or the payment thereof," evidence regarding any willful attempt to evade or defeat payment of the tax is not relevant to a determination of nondischargeability.

*In re Gathwright*, 102 B.R. at 212-213 (some citations omitted).

Subsequent decisions in federal appellate courts across the country have rejected this aspect of the decision in *Gaithwright*. Recently, the Sixth Circuit addressed the statute at issue directly:

> The Sixth Circuit has interpreted the Code's phrase "willfully attempted in any manner to evade or defeat such tax" as requiring a voluntary, conscious, and intentional evasion. *In re Toti*, 24 F.3d 806, 809 (6th Cir. 1994). This court's opinion in *Toti* cast a wide net, concluding that § 523(a)(1)(C) included attempts to thwart payment of taxes. . . . Thus, *Toti* clarified that § 523(a)(1)(C) covered both acts of omission, such as failure to file returns and failure to pay taxes, and acts of commission, such as affirmative acts of evasion. *Toti*, 24 F.3d at 809.

*In re Gardner*, 360 F.3d 551, 557 (6th Cir. 2004).

The Eleventh Circuit acknowledged earlier rulings that were similar to *Gaithwright*, and rejected them, stating that:

> we now conclude that the more reasonable interpretation of § 523(a)(1)(C) is that it renders nondischargeable tax debts where the debtor engaged in affirmative acts seeking to evade or defeat collection of taxes. This interpretation accords well with the interests that Congress was attempting to balance in enacting the predecessor statute to §523(a)(1)(C): to permit "an honest but financially unfortunate debtor [to make] a fresh start unburdened by what may be an overwhelming liability for accumulated taxes," while avoiding the creation of "a tax evasion device." S. Rep. No. 89-1158 (1966). . . .

*In re Griffith*, 206 F.3d 1389, 1395 (11th Cir. 2000).

The Tenth Circuit considered the decision in *Gaithwright* before concluding that "given Congress' express purpose of relieving only the 'honest' debtor from the debt of stale taxes, any statutory interpretation of 'evade or defeat' which relieves the dishonest debtor who conceals assets to

PAGE 6 - OPINION AND ORDER

avoid the payment or collection of taxes, but which penalizes the same dishonesty to avoid assessment, would be an absurd result." *Dalton v. I.R.S.*, 77 F.3d 1297, 1301 (10th Cir. 1996).

And finally, the Seventh Circuit, although acknowledging that nonpayment alone is insufficient to bar discharge of a tax obligation, has recognized that a "knowing and deliberate" nonpayment of taxes provides the basis for determining that the tax debt is non-dischargeable. *In re Birkenstock*, 87 F.3d 947, 952 (7th Cir. 1996).

This court agrees with the reasoning provided in these post-*Gaithwright* decisions. The exceptions provided in § 523 of the Code to debt-discharge under § 727 must in fairness include any tax that the debtor willfully attempted in any manner to evade. The scope of this exception encompasses the conduct of defendant, who filed a fraudulent bankruptcy petition and now relies in part upon that filing as a basis for attempting to defeat his tax liability. This comports with the recognized intent of 11 U.S.C. § 523(a)(1)(C) to restrict the Bankruptcy Code's discharge of tax debts to honest but unfortunate debtors. *Grogan*, 498 U.S. at 286-87.

Defendant's other arguments for defeating the government's summary judgment motion are also unavailing. There are no unresolved issues of fact regarding whether defendant's nonpayment was knowing and deliberate. Defendant's plea of guilty and confession regarding his omission of valuable assets can be construed fairly as the debtor engaging in affirmative acts seeking to evade or defeat collection of taxes. Regardless of defendant's attempts to create issues of fact regarding the total value of the assets he failed to disclose, his affirmative act of failing to disclose these assets is undisputed and sufficient to conclude as a matter of law that his nonpayment was knowing and deliberate.

Defendant also contends that because his tax liabilities in 1987, 1988, 1990, 1991, and 1992 were entitled to "priority" under § 507(a)(8) those taxes could never have been discharged, regardless

of defendant's affirmative acts to evade the taxes. Because they could not be discharged, defendant contends that he should not be deemed to have attempted to evade them. This argument is rejected.

The statute precluding defendant from discharging his tax liabilities, 11 U.S.C. § 523(a)(C), makes no distinction between priority and non-priority tax debts. The IRS is not precluded from recovering owed taxes on defendant's asserted grounds that his fraudulent filing would have failed in eliminating his tax liability for certain years.

Finally, defendant argues that there is a question of fact as to whether the IRS calculated the interest correctly on defendant's tax liabilities for the years 1977 and 1978. Defendant contends that he paid his 1977 taxes in September 1978, and his 1978 taxes in August 1980. He asserts that he received a refund of these taxes on May 4, 1981. In April 1987, the claimed deductions that led to these refunds were disallowed by a decision of the United States Tax Court. Taxes for 1977 and 1978 were therefore reassessed in May 1987. Defendant argues, therefore, that pursuant to § 6602 of the IRC, any portion of a revenue tax refunded erroneously and recoverable by suit shall bear interest from the date of the payment of the refund. Accordingly, defendant asserts interest should be calculated from May 4, 1981.

Erroneous refunds are defined as follows:

> A refund of any portion of an internal revenue tax shall be considered erroneous and a credit of any such portion shall be considered void –
>
> **(1) Expiration of period for filing claim.** – If made after the expiration of the period of limitation for filing claim therefor, unless within such period claim was filed; or
>
> **(2) Disallowance of claim and expiration of period for filing suit.** – In the case of a claim filed within the proper time and disallowed by the Secretary, if the credit or refund was made after the expiration of the period of limitation for filing suit, unless within such period suit was begun by the taxpayer.

26 U.S.C. § 6514(a).

The government failed to provide a satisfactory explanation in its briefing or at the summary judgment hearing as to why the interest calculation for unpaid taxes in 1977 and 1978 should not be calculated from the date of May 4, 1981. This meritorious dispute about the interest calculations, however, fails to preclude awarding summary judgment to the government. The parties shall address the question of how to calculate interest when they brief the merits of the proposed Judgment the government is herein ordered to prepare.

CONCLUSION

For the reasons provided above, the government's Motion for Summary Judgment (Doc. # 11) is GRANTED. This court concludes as a matter of law that defendant is liable for income taxes owed for tax years 1977, 1978, 1981, 1986, 1987, 1988, 1990, 1991, and 1992, as well as for employment taxes for tax periods ending September 30, 1989, December 31, 1989, and March 30, 1990. The government is ordered to file a Proposed Judgment by January 13, 2006. The government shall file a Memorandum identifying the proper dates to be used for calculating all applicable interest and penalty charges. Defendant is ordered to file a Response to the Proposed Judgment and supporting memorandum no later than January 27, 2006. The government's Reply must be filed by February 3, 2005.

IT IS SO ORDERED.

Dated this __12__ day of December, 2005.

      /s/Ancer L.Haggerty
      Ancer L. Haggerty
      United States District Judge